IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| THE MCW RESEARCH FOUNDATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-C-333 |
| v. | ) ) | <u>JURY TRIAL DEMANDED</u> |
| MRI DEVICES CORPORATION, | ) ) ) | Judge Thomas J Curran |
| Defendant; | ) ) | |

## ANSWER

Defendant MRI Devices Corporation ("MRIDC") answers the complaint of The MCW Research Foundation, Inc. ("MCW") as follows:

## PARTIES AND JURISDICTION

1. Plaintiff the MCW Research Foundation, Inc. ("MCW") is a corporation organized under the laws of the State of Wisconsin with its principal place of business at 8701 Watertown Plank Road, Milwaukee, Wisconsin 53226.

**ANSWER:** On information and belief, MRIDC admits this allegation.

2. Defendant MRI Devices Corporation ("MRIDC") is, on information and belief, a corporation organized under the laws of the State of Wisconsin with its principal place of business at 1515 Paramount Drive, Waukesha, Wisconsin 53186.

**ANSWER:** Admit.

3. This is an action for infringement of U.S. Patent No. 5,603,322 ("the '322 Patent"). This action arises under 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**ANSWER:** Admit that this is a patent infringement action under 35 U.S.C. § 271.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1131 and 1338(a).

**ANSWER:** MRIDC admits that this Court has subject matter jurisdiction for such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1400(b) and §1391(c).

**ANSWER:** MRIDC admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (c), and 1400(b).

## BACKGROUND FACTS

6. MCW was established by the Medical College of Wisconsin to facilitate interaction between College scientists and businesses. An objective of MCW is the transfer of new medical advances developed by College scientists into the commercial sector. One way MCW accomplishes this objective is to obtain patents on the new medical advances and grant licenses under such patents to businesses.

**ANSWER:** MRIDC does not have sufficient information to confirm or deny the allegations of paragraph 6.

7. MCW is the owner by assignment of the '322 Patent, which issued on February 18, 1997. This patent discloses and claims a method for producing images using a Magnetic Resonance Imaging (MRI) system. A copy of this patent is attached hereto as Exhibit A.

**ANSWER:** MRIDC admits that what appears to be a true and correct copy of patent 5,603,322 (the "'322 patent") is attached to the complaint. MRIDC does not have sufficient information to confirm or deny the remaining allegations of paragraph 7.

8. MRI Devices is in the business of, among other things, designing, producing, and selling hardware and software accessories for use with MRI systems.

**ANSWER:** MRIDC denies that it is in the business of designing and producing software accessories for use with MRI systems. MRIDC admits the remaining allegations of paragraph 8.

9. MRI Devices makes, uses, sells and offers for sale MRI accessory products in this judicial district and elsewhere in the United States.

**ANSWER:** Admit.

## COUNT I

10. Paragraphs 1-9 are incorporated herein by reference.

**ANSWER:** Defendant repeats each and every response to the allegations contained within Paragraphs 1-9 and makes the same a part hereof as though set forth at full length.

11. MRI Devices' products have infringed and continue to infringe one or more claims of the '322 Patent by employing the method claimed in the '322 Patent.

**ANSWER:** Deny.

12. MRI Devices has been placed on notice that the method used by MRI Devices infringes the '322 Patent.

**ANSWER:** Deny.

13. MCW has been and continues to be damaged by MRI Devices' infringement in an amount to be proven at trial, and MCW is entitled to a recovery of its damages, which include but are not limited to, a reasonable royalty under 35 U.S.C. § 284 and damages under 35 U.S.C. § 284.

**ANSWER:** Deny.

14. MRI Devices' infringement has caused and continues to cause irreparable harm to MCW, entitling MCW to injunctive relief under 35 U.S.C. § 283.

**ANSWER:** Deny.

## COUNT II

15. Paragraphs 1-14 are incorporated herein by reference.

**ANSWER:** Defendant repeats each and every response to the allegations contained within Paragraphs 1-14 and makes the same a part hereof as though set forth at full length.

16. MRI Devices' products are especially adapted, made, offered and sold by MRI Devices for use in a manner that infringes the '322 Patent, are a material part of the inventions claimed in the '322 Patent, have no substantial noninfringing uses, and are not staple articles or commodities of commerce. MRI Devices is contributorily infringing the '322 Patent in violation of 35 U.S.C. § 271(c). These actions have caused and continue to cause MCW damages and irreparable harm.

**ANSWER:** Deny.

## COUNT III

17. Paragraphs 1-16 are incorporated herein by reference.

**ANSWER:** Defendant repeats each and every response to the allegations contained within Paragraphs 1-16 and makes the same a part hereof as though set forth at full length.

18. The use of MRI Devices' products by its customers and end users constitutes a direct infringement of the '322 Patent by such customers and end users.

**ANSWER:** Deny.

19. MRI Devices has designed its products for use by its customers and end users in an infringing manner, MRI Devices has promoted such infringing use by its customers and end users, and MRI Devices has induced its customers and end users thereby to infringe the '322 Patent in violation of 35 U.S.C. § 271(b). These actions have caused and continue to cause MCW damages and irreparable harm.

**ANSWER:** Deny.

## COUNT IV

20. Paragraphs 1-19 are incorporated herein by reference.

**ANSWER:** Defendant repeats each and every response to the allegations contained within Paragraphs 1-19 and makes the same a part hereof as though set forth at full length.

21. MCW has given MRI Devices notice of its infringement of the '322 Patent. Notwithstanding such notice, MRI Devices continues willfully and wantonly to infringe the '322 Patent, making this is an exceptional case within the provisions of 35 U.S.C. § 285.

**ANSWER:** Deny.

## AFFIRMATIVE DEFENSES

13. The claims of the '322 patent are invalid based on violations of 35 U.S.C. § 101, et. seq., including Sections 102, 103, and 112.

14. The claims of the '322 patent are not infringed directly or indirectly by defendant or its activities.

15. Plaintiff is barred, in whole or in part, from collecting damages prior to commencement of this action because, upon information and belief, Plaintiff failed to mark, or to cause licensees to mark, products or articles purportedly covered by the claims of the '322 patent pursuant to 35 U.S.C. § 287.

16. Plaintiff is barred, in whole or in part, from collecting damages prior to issuance of the certificate of correction for its patent which corrected the filing date of the '322 patent.

17. Plaintiff is barred from seeking relief, in whole or in part, by the doctrines of unclean hands, waiver, laches and/or estoppel.

18. Any other defenses that discovery may reveal.

WHEREFORE, MRIDC respectfully requests that this Court:

a. Enter judgment against MCW and, thus, deny MCW's requests for compensatory, treble, and willful damages.

b. Find that MRIDC does not infringe any claim of the '322 patent.

c. Find that every claim of the '322 patent is invalid and unenforceable.

d. Find this case exceptional under 35 U.S.C. § 285 and, thus, order MCW to pay MRIDC all of its costs and expenses, including reasonable attorney's fees.

e. Award MRIDC any other relief that the Court deems just and appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MRIDC hereby demands a jury trial for all issues properly triable before a jury.

Dated this 24th day of September, 2004.

s/Ralph A. Weber
Ralph A. Weber, SBN 1001563
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, WI  53202
Tel:  414-223-3300
Fax:  414-224-6116
*-and-*
James F. Hurst
Derek J. Sarafa
Brian R. Pollack
WINSTON & STRAWN
35 West Wacker Drive
Chicago, IL 60601

*Attorneys for Defendant MRI Devices, Inc.*